WEIMER, J.,
dissenting.
_jjThe statement at issue is undeniably hearsay. The defendant contends that his right to present a defense justifies admission of the statement at trial, notwithstanding that the statement does not qualify for any of the statutory exceptions to the prohibition against admitting hearsay.
The district court determined that the statement was admissible, accepting the defendant’s argument that the statement was reliable, pursuant to this court’s ruling in State v. Gremillion, 542 So.2d 1074 (La. 1989). The district court indicated that “based on the testimony provided that the statement is trustworthy and reliable.”
It is unclear as to what testimony the district court may have been referring, because none was adduced during the hearing. Therefore, it would be a simple matter, in one sense, to find the statement is inadmissible based on the defendant’s apparent failure to establish reliability and trustworthiness. However, in light of the significant constitutional right of a defendant to present a defense, rather than finding that the defendant failed to carry his burden of showing the hearsay statement had sufficient indicia of trustworthiness and reliability, I believe this is one of the rare instances where a litigant should be afforded a second opportunity to make his case. See Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (in Roberts, the Court noted that the proponent of a statement that would be inadmissible hearsay bears the burden of proving that an exception to inadmissibility applies).
Therefore, I would remand for a pretrial evidentiary hearing with instructions that the defendant offer whatever evidence he may have to carry his burden of demonstrating that notwithstanding the prohibition against hearsay, that the statement at issue has sufficient indicia of trustworthiness and reliability. See Gremillion, 542 So.2d at 1078.
Accordingly, I respectfully dissent.